WE ARE IN RECEIPT OF YOUR LETTER OF MARCH 12, 1992 ASKING FOR FURTHER CLARIFICATION OF THE MINIMUM WAGES ON PUBLIC WORKS ACT, 40 O.S. 196.1 ET SEQ., AS IT RELATES TO CONSTRUCTION BY A HOSPITAL AUTHORITY. YOU SPECIFICALLY ASK ABOUT THE APPLICATION OF A 1985 AMENDMENT WHICH MODIFIED THE DEFINITION OF THE TERM "PUBLIC BODY."
THE ACT DEFINES THE TERM "PUBLIC BODY" AS:
 "THE STATE OF OKLAHOMA OR ANY OFFICER, BOARD, COMMISSION OR AUTHORITY OF THE STATE, OR OTHER POLITICAL SUBDIVISION, COUNTY. MUNICIPALITY. SCHOOL DISTRICT OR INDUSTRIAL TRUST OR OTHER ENTITY ISSUING OR CAUSING THE ISSUING OF BONDS WHERE SUCH BONDS ARE TO BE USED IN WHOLE OR IN PART FOR CONSTRUCTION AND SUCH BONDS ARE SUPPORTED BY THE FAITH AND CREDIT OF THE STATE OF OKLAHOMA OR ANY POLITICAL SUBDIVISION OR SUCH BONDS COULD BECOME THE OBLIGATION OF THE STATE OF OKLAHOMA OR OTHER POLITICAL SUBDIVISION(.)" 40 O.S. 196.2(6). THE LANGUAGE WHICH IS UNDERLINED ABOVE WAS ADDED BY THE 1985 AMENDMENT. SEE 1985 OKLA. SESS. LAWS, C. 49, 1.
IT IS AXIOMATIC THAT IN CONSTRUING THE MEANING OF A STATUTE, SUCH AS 40 O.S. 196.2(6), THE CARDINAL PRINCIPLE IS TO DISCERN THE LEGISLATIVE INTENT BY CONSIDERATION OF THE STATUTORY LANGUAGE. WALKER V. ST. LOUIS-SAN FRANCISCO RY. CO., 671 P.2D 672 (OKLA. 1983). THUS, ONE IS TO PRESUME THAT THE LEGISLATURE EXPRESSED ITS INTENT IN THE STATUTE AND INTENDED WHAT IT EXPRESSED. DARNELL V. CHRYSLER CORP., 687 P.2D 132 (OKLA. 1984). WHERE AMBIGUITY EXISTS WITH RESPECT TO INTENT, HOWEVER, ONE IS TO INVOKE THE CONSTRUCTION WHICH IS MOST REASONABLE. LEFLORE V. REFLECTIONS OF TULSA. INC., 708 P.2D 1068 (OKLA. 1985). A REASONABLE AND SENSIBLE CONSTRUCTION IS PREFERRED OVER ONE WHICH RENDERS ALL OR PART OF THE STATUTE USELESS OR DELETERIOUS. TANNEHILL V. SPECIAL INDEMNITY FUND, 538 P.2D 590 (OKLA. 1975).
APPLYING THESE RULES TO THE DEFINITION OF THE TERM "PUBLIC BODY" SET FORTH IN S 192.2(6), WE CONCLUDE THAT THE MOST REASONABLE CONSTRUCTION IS ONE IN WHICH A PUBLIC TRUST OPERATING AS A HOSPITAL AUTHORITY IS AN "AUTHORITY" AND, THEREFORE, A PUBLIC BODY WITHIN THE MEANING OF THE STATUTE.
THIS VIEW IS SUPPORTED BY THE INCLUSION OF THE TERM "AUTHORITY" IN THE FIRST PART OF THE DEFINITION OF "PUBLIC BODY." THE LEGISLATURE APPEARS TO HAVE SO AMENDED THE STATUTE TO CODIFY THE DECISION OF THE SUPREME COURT IN OKLAHOMA CITY HOUSING AUTHORITY V. STATE EX REL. COMMISSIONER OF LABOR, 529 P.2D 992 (OKLA. 1974). IN THE HOUSING AUTHORITY CASE, THE COURT HELD THAT THE OKLAHOMA CITY HOUSING AUTHORITY WAS A "PUBLIC BODY" WITHIN THE MEANING OF THE ORIGINAL LANGUAGE OF 196.2. ID. AT 994. THE SUBSEQUENT AMENDMENT IS PLAINLY CONSONANT WITH THE DECISION IN THE HOUSING AUTHORITY CASE. THUS, IT SEEMS THAT 40 O.S. 196.2 WAS AMENDED, IN PART, TO CODIFY THE DECISION OF THE SUPREME COURT.
A CAREFUL ANALYSIS OF THE FINAL PHRASE ADDED BY THE 1985 AMENDMENT IS CONSISTENT WITH THIS VIEW, ALSO. THE NEW LANGUAGE MAKES CLEAR THAT AN INDUSTRIAL TRUST, SUCH AS THE OKLAHOMA INDUSTRIAL FINANCE AUTHORITY, OR OTHER SIMILAR ENTITY, LIKE THE OKLAHOMA DEVELOPMENT FINANCE AUTHORITY, IS TO BE CONSIDERED A "PUBLIC BODY." SPECIFICALLY, THE AMENDMENT TO 192.2(6) PROVIDED THAT THE TERM "PUBLIC BODY" WOULD INCLUDE:
 ". . . (AN) INDUSTRIAL TRUST OR OTHER ENTITY ISSUING OR CAUSING THE ISSUING OF BONDS WHERE SUCH BONDS ARE TO BE USED IN WHOLE OR IN PART FOR CONSTRUCTION AND SUCH BONDS ARE SUPPORTED BY THE FAITH AND CREDIT OF THE STATE OF OKLAHOMA OR ANY POLITICAL SUBDIVISION OR SUCH BONDS COULD BECOME THE OBLIGATION OF THE STATE OF OKLAHOMA OR OTHER POLITICAL SUBDIVISION (.)"
THE ISSUE WITH WHICH YOU ARE PRIMARILY CONCERNED IS THE CONSTRUCTION OF THE ISSUANCE OF BONDS REQUIREMENT OF THIS FINAL PHRASE. BUT GIVEN THE SPECIAL NATURE OF THE REFERENCED BONDS, WE DO NOT BELIEVE THAT IT IS APPROPRIATE TO APPLY THIS REQUIREMENT TO ANY OF THE ENTITIES LISTED IN THE DEFINITION OF "PUBLIC BODY" OTHER THAN AN "INDUSTRIAL TRUST OR OTHER ENTITY ISSUING OR CAUSING TO BE ISSUED BONDS."
BONDS WHICH ARE SUPPORTED BY THE "FAITH AND CREDIT" OF A GOVERNMENTAL ENTITY ARE GENERAL OBLIGATION BONDS. THAT IS, THEY ARE BACKED UP BY THE TAXING POWER OF THE GOVERNMENTAL ENTITY. YET A NUMBER OF ENTITIES THAT ARE SPECIFICALLY IDENTIFIED IN 40 O.S. 192.2(6) AS "PUBLIC BODIES" ARE NOT AUTHORIZED TO ISSUE GENERAL OBLIGATION BONDS. FOR EXAMPLE, THERE IS NO DOUBT THAT THE STATE TREASURER IS AN "OFFICER" OF THE STATE; HOWEVER, THE STATE TREASURER HAS NO INDEPENDENT AUTHORITY TO ISSUE GENERAL OBLIGATION BONDS TO FUND BUILDING PROJECTS. THUS, APPLYING THE ISSUANCE OF BONDS REQUIREMENT TO SUCH AN "OFFICER" WOULD RENDER THAT PORTION OF THE STATUTE USELESS. UNDER THE RULES OF CONSTRUCTION DISCUSSED ABOVE, SUCH A CONSTRUCTION IS TO BE AVOIDED.
RATHER, FOR THE STATUTE TO MAKE SENSE, THE ISSUANCE OF BONDS REQUIREMENT MUST BE READ AS APPLYING ONLY TO THE PHRASE "INDUSTRIAL TRUST OR OTHER ENTITY." AND IN FACT, THE ENTITIES BEST DESCRIBED BY THAT PHRASE — THE OKLAHOMA INDUSTRIAL FINANCE AUTHORITY AND THE OKLAHOMA DEVELOPMENT FINANCE AUTHORITY — ARE INDEED AUTHORIZED IN SOME CIRCUMSTANCES TO ISSUE GENERAL OBLIGATION BONDS. THUS, THE CONSTRUCTION WHICH IS MOST SENSIBLE IS TO LIMIT THE APPLICATION OF THE ISSUANCE OF BONDS REQUIREMENT TO THESE ENTITIES.
BECAUSE THE ISSUANCE OF BONDS REQUIREMENT DOES NOT APPLY TO AN "AUTHORITY" AS DESCRIBED IN THE FIRST PART OF THE DEFINITION, A HOSPITAL AUTHORITY, REGARDLESS OF WHETHER IT ISSUES BONDS, IS A "PUBLIC BODY" AND IS THEREFORE SUBJECT TO THE STRICTURES OF THE ACT.
(K. W. JOHNSON)